UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS L. ENERSON,

        Plaintiff,

v.                                        Case No. 12-C-0248

MARYANN SLINGER,

        Defendant.

**ORDER GRANTING LEAVE TO AMEND**

On April 25, 2012, I dismissed this case pursuant to a Suggestion Of Death (ECF No. 8) that had been filed by the Wisconsin Department of Justice. (ECF No. 9.) Maryann Slinger, the only defendant in the case, passed away on March 6, 2012. Plaintiff filed his suit eight days later, on March 14, 2012. As Ms. Slinger passed away before the complaint was even filed, obviously she was never served as a party in this case.

I initially dismissed the suit as this Court lacks jurisdiction over a deceased person. *Brickley v. Neuling*, 256 Wis. 334, 336 (1950). Substitution is not possible if one who was named as a party died before the commencement of the action. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, Civil 3rd § 1951 at 651 (2007). However, upon further review of the case (and pursuant to Fed. R. Civ. P. 15(a)(2)), I now determine Enerson should be allowed sixty days to amend his complaint by naming Slinger's estate as a party to the action. The previous order in this action (ECF No. 9) is hereby **VACATED**. Failure to file an amended complaint within sixty days may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the court will screen the original pleading.

**IT IS THEREFORE ORDERED** that on or before **June 29, 2012**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein. The previous order in this case (ECF No. 9) is therefore **VACATED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $348.97 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court - WIED
>United States Courthouse
>125 S. Jefferson St., Suite 102
>Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Dated this __30th__ day of April, 2012.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge